UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERICA HILL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:   1:20-cv-3269 |
| | ) |
| MUNCIE INDIANA TRANSIT SYSTEM, | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Erica Hill, brings this action against Defendant, Muncie Indiana Transit System ("MITS"), for unlawfully violating her rights protected by the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq., the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.A. § 701 et seq. (hereinafter "Section 504").

## PARTIES

2. At all times relevant to this action, Hill resided within the Southern District of Indiana.

3. Defendant Muncie Indiana Transit System does business within the Southern District of Indiana.

4. Hill was an "employee" as that term is defined by the FMLA, 29 U.S.C. § 2611(2)(a) the ADA, 42 U.S.C. § 12111(4), and Section 504.

5. Hill is an employee under a "program or activity" pursuant to 29 U.S.C. § 794(b).

6. Defendant is an "employer" as that term is defined by the ADA, 42 U.S.C. § 12111(5)(A), the FMLA, 29 U.S.C. § 2611(4)(a), and Section 504.

7. Plaintiff is an individual who has been regarded as having a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2) and/or Plaintiff is an individual with a disability and/or record of a disability, as that term is defined by the ADA, 42 U.S.C. § 12102(2) and 12111(8). Plaintiff is a "qualified individual with a disability" and/or has been perceived by Defendant to be disabled.

8. Plaintiff is an individual with a disability as that term is defined by Section 504, including 29 U.S.C. §§ 705(9) and (20).

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 29 U.S.C. § 794a; 42 U.S.C. § 12117 and 29 U.S.C. § 2617(a)(2).

10. Hill exhausted her administrative remedies by filing a charge numbered 470-2020-03156 with the U.S. Equal Employment Opportunity Commission against Defendant, and receiving the appropriate notice of suit rights. Hill files the instant matter within ninety (90) days of receipt of said notice.

11. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

12. Defendant hired Plaintiff Erica Hill as dispatcher on or about August 19, 2002. MITS promoted her from lead dispatcher to fixed route supervisor on or about February 24, 2020.

13. Since January 1, 2020, Defendant has employed fifty (50) or more employees within a seventy-five (75) mile radius of the facility at which Plaintiff worked.

14. Plaintiff worked one thousand two hundred fifty (1,250) hours in the twelve (12) month period preceding July 1, 2019.

15. Plaintiff worked one thousand two hundred fifty (1,250) hours in the twelve (12) month period preceding March 1, 2020.

16. Hill's work performance met or exceeded the Defendant's legitimate expectations at all relevant times.

17. In January, 2020, Hill received a performance evaluation indicating that she met or exceeded all job performance requirements. Her supervisor found that Ms. Hill exhibited a high level of cooperation in her ability to work effectively with public, peers, subordinates and superiors to maintain a productive work environment.

18. Hill has been diagnosed with a physical impairment and serious medical condition which qualifies as a disability under the ADA.

19. In July, 2019, Ms. Hill requested and received leave under the FMLA, which was also an accommodation of time off for a disability.

20. On March 19, 2020, Ms. Hill notified Defendant's Director of Transportation that her doctor had required that she take three weeks off of work due to her disability and serious medical condition.

21. On March 19, 2020, Hill also requested leave under the FMLA and obtained FMLA forms from Defendant.

22. Hill's requests for reasonable accommodations constituted protected activities under the Americans with Disabilities Act and the Section 504 of the Rehabilitation Act of 1973.

23. Approximately 45 minutes after Ms. Hill notified MITS' Director of Transportation Sherry Wilber that she was requesting time off for a disability and serious medical condition, Wilber called her after her shift to inform her that Defendant was terminating her, purportedly for negativity.

24. MITS had never previously counseled or disciplined Ms. Hill for negativity.

25. Hill' requests for and taking of medical leave under the FMLA leave constitutes protected activity under the FMLA and ADA.

26. Employees who don't suffer from disabilities and/or employees who had not engaged in protected activity have been treated more favorably than Hill.

27. Hill has been harmed by Defendant's unlawful actions, including but not limited to, financial loss, embarrassment, humiliation, and emotional distress.

## LEGAL ALLEGATIONS
### Count I: Disability Discrimination

28. Plaintiff hereby incorporates paragraphs one (1) through twenty-seven (27) of her Complaint.

29. Defendant unlawfully terminated Hill because of her disability and/or because she requested accommodations for her disability.

30. Defendant's stated reasons for terminating Hill are pretextual.

Case 1:20-cv-03269-JMS-DML Document 1 Filed 12/22/20 Page 5 of 8 PageID #: 5

31. Defendant's discrimination against Hill was done in reckless disregard for Hill's federally protected rights.

32. Actions of Defendant caused Hill both emotional and economic harm.

33. Intentional and unlawful employment actions of Defendant have violated Plaintiff's rights as they are protected by the Americans with Disabilities Act (ADA), as amended 42 U.S.C. § 12101 et seq.

### Count II: FMLA Violations

34. Hill incorporates all of the allegations set forth in paragraphs one (1) through thirty-three (33) of this Complaint.

35. Hill properly notified Defendant of her need for leave for FMLA-qualifying reasons.

36. Defendant interfered with Hill's attempt to exercise her rights under the FMLA.

37. Defendant unlawfully discriminated against and retaliated against Hill in violation of the FMLA.

38. Defendant terminated Hill in retaliation for her exercising her rights under the FMLA.

39. Retaliation by Defendant against Hill violated the FMLA, 29 U.S.C. §2615(a) by discriminating against her due to her attempts to exercise her rights under the FMLA.

40. Actions by Defendant were intentional, willful, done in bad faith, and in reckless disregard of Hill' federally protected rights under the FMLA.

### COUNT III: VIOLATIONS OF THE REHABILITATION ACT

41. Plaintiff hereby incorporates paragraphs one (1) through forty (40) of her Complaint.

42. Hill has impairments which substantially limited one or more of her major life activities.

5

43. Alternatively, Defendants unreasonably regarded Hill as having a disability that interfered with her ability to perform her job.

44. Defendants failed to provide Hill a reasonable accommodation or engage in the interactive process, despite Hill' request.

45. Defendants could have accommodated Hill without hardship.

46. Defendants unlawfully terminated Hill because she was disabled.

47. Defendants unlawfully retaliated against Hill for making requests for accommodation.

48. Defendants' stated reasons for terminating Hill are pretextual.

49. Defendants' discrimination of and retaliation against Hill was done in reckless disregard for Hill's federally protected rights.

50. Defendants' actions caused Hill both emotional and economic harm.

51. Defendants' intentional and unlawful employment actions have violated Plaintiff's rights as they are protected by the Rehabilitation Act.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Erica Hill, respectfully requests that this Court enter judgment in her favor and provide her the following relief:

1. Reinstatement to her prior position, salary, seniority, and benefits, or pay front pay in lieu of reinstatement;

2. Enjoin Defendant from future violations of the ADA, the FMLA, and the Rehabilitation Act;

    3.    All lost wages, benefits, compensation, and monetary loss suffered as a result of Defendants' unlawful actions;

    4.    Compensatory, consequential, and punitive damages;

    5.    Liquidated damages for intentional violations of the FMLA;

    6.    All attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

    7.    Pre- and post-judgment interest on all sums recoverable; and

    8.    All other legal and/or equitable relief to which she is entitled.

Respectfully submitted,


John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:   (317) 955-9500
Facsimile:   (317) 955-2570
E-Mail:   jhaskin@jhaskinlaw.com
E-Mail:   plogan@jhaskinlaw.com
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, Erica Hill, by counsel, and demands a trial by jury on all issues deemed so triable.

        Respectfully submitted,


        John H. Haskin (7576-49)
        Paul A. Logan (17661-02)
        JOHN H. HASKIN & ASSOCIATES
        255 North Alabama Street, 2nd Floor
        Indianapolis, IN 46204
        Telephone:   (317) 955-9500
        Facsimile:   (317) 955-2570
        E-Mail:      jhaskin@jhaskinlaw.com
        E-Mail:      plogan@jhaskinlaw.com
        Attorneys for Plaintiff